UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
FIREMAN'S FUND INSURANCE COMPANY,   :
                                    :
                    Plaintiff,      :      **MEMORANDUM AND ORDER**
                                    :
        -against-                    :      03-CV-0531 (DLI)(MLO)
                                    :
CUNNINGHAM LINDSEY CLAIMS           :
MANAGEMENT, INC., et. al.,          :
                                    :
                    Defendants,     :
------------------------------------------------------------x
KAITLYN AGENCY, INC.,               :
PRG BROKERAGE, INC.,                :
PROMPT CLAIMS SERVICE, INC., and    :
COMMERCIAL AUTO PURCHASING GROUP,   :
                                    :
                    Plaintiffs,     :
                                    :
        -against-                    :      03-CV-1625 (DLI)(MLO)
                                    :
CUNNINGHAM LINDSEY CLAIMS           :
MANAGEMENT, INC.,                   :
                                    :
                    Defendant.      :
------------------------------------------------------------x

DORA L. IRIZARRY, United States District Judge:

Presently before the Court is the defendant's motion, pursuant to FED. R. CIV. P. 72(a), to set aside or modify the decision of Magistrate Judge Michael Orenstein dated April 12, 2005 ("the Decision") insofar as it granted plaintiff Fireman's Fund Insurance Company's ("Fireman's Fund" or "plaintiff") motion to compel production of the damage award from a prior arbitration proceeding ("the Phase II award") in which Cunningham Lindsey was also a defendant. For the following reasons, defendant's motion is granted and the Decision is overruled to the extent that it compelled production of the Phase II award.

Background

This consolidated action stems from claims by plaintiffs alleging that defendant, *inter alia*, negligently mishandled claims resulting from policies issued by Fireman's Fund pursuant to livery vehicle insurance programs. Throughout the course of discovery, Fireman's Fund has repeatedly sought records stemming from a prior arbitration proceeding in which Highlands Insurance Company ("Highlands"), a non-party to this action, brought a similar claim against defendant stemming from defendant's handling of claims resulting from Highlands' own livery vehicle insurance programs. The records sought from that proceeding include both the "Phase I award" which determined liability against defendant, and the "Phase II award" which decided the amount of damages to be awarded to Highlands. The Phase I award has been produced. On April 6, 2005, plaintiff filed a letter motion to compel the production of certain documents including the Phase II award. In an order dated April 12, 2005, Magistrate Judge Orenstein, *inter alia*, granted Fireman Fund's motion compelling production of the Phase II award. On April 27, 2005, defendant Cunningham Lindsey filed its objection to the April 12 order, insofar as it compelled production of the Phase II award.[1]

Discussion

Magistrate judges are given broad discretion to resolve nondispositve matters that come before them. *Gorman v. Polar Electro, Inc*., 137 F.Supp 2d 223, 226 (E.D.N.Y. 2001) (citing *Com Tech Assocs. V. Computer Assoc. Int'l*, 752 F.Supp. 1078, 1079 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991)). Yet, if an order of a magistrate judge is properly objected to, the district judge to whom the case is assigned shall consider such objection and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. FED. R. CIV. P.

---

[1] The plaintiffs in the second action, Kaitlyn Agency, Inc., PRG Brokerage, Inc., Prompt Claims Service, Inc. and Commercial Auto Purchasing Group, have taken no position on defendant's objection.

72(a); 28 U.S.C. § 636(b)(1)(A).

Within ten days after being served with a copy of the magistrate judge's order, a party may serve and file objections to that order. FED. R. CIV. P. 72(a). Defendant received Magistrate Judge Orenstein's order to compel on April 12. Providing for weekends under Rule 6(a), defendant had until April 26 to file its objection. However, the objection was not actually filed until April 27, one day after this deadline had expired. Plaintiff asserts that because of this one day delay, defendant's motion must be denied. While it is true that a party that fails to make a timely objection to a magistrate's order "generally forfeits their (its) right to present those objections for appellate review" (*Marcella v. Capital District Physician's Health Plan*, 293 F.3d 42, 46 (2d Cir. 2002)), established authority within the Second Circuit and elsewhere clearly establishes that the ten day rule is not jurisdictional and that the district court may, in the interests of justice, excuse technical non-compliance. *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 174 (2d Cir. 2000), *Durant v. Strack*, 151 F. Supp. 2d 226, 229 (E.D.N.Y. 2001), *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000). Thus, the Court is not barred from considering defendant's objection simply because it was filed one day late.

Plaintiff also claims that defendant's objection was untimely because it was not filed until production of the Phase II award had been ordered six times. While plaintiff is correct in that production of the Phase II award had been discussed for a number of months prior to the April 12, 2005 conference, it was not specifically ordered until that date. It must first be noted that the amount of the Phase II award was not even determined until June 2004 and that defendant had not received a copy of the award until after the conference on June 18, 2004 (Def.'s Reply at 2). Any

3

argument that production was ordered at this conference or before ignores the facts of the case.[2] The Phase II award was specifically discussed on June 18, 2004. Plaintiff requested that it be disclosed when it became available, and Magistrate Orenstein expressed his belief that such information should be provided as a matter of supplementation under Rule 26 (Pl.'s Opp'n Ex. F at 29). Nevertheless, defendant argued at that conference that plaintiff's earlier requests had been complied with, that the Phase II award implicated various confidentiality interests, and that it needed to be the subject of a separate request (*Id*. at 29-34). Magistrate Orenstein acknowledged these concerns and deferred ruling on the issue until a later date (*Id*. at 34).

Plaintiff next claims that production of the Phase II award was ordered at the January 21, 2005 conference. While Magistrate Orenstein did indicate on that date that he thought plaintiff was entitled to know the amount of the Phase II award, he followed this indication by stating that he wanted to give the parties an opportunity to discuss the matter further (Def.'s Obj'n Ex. F at 21). Rather than order production of the Phase II award at this conference, Magistrate Orenstein merely authorized plaintiff's motion to compel (*Id*. At 24). That plaintiff understood this to be the case was demonstrated by the fact that its next move, in regards to the Phase II award, was to file a motion to compel on April 6. The granting of that motion on April 12 was the first time that production of the Phase II award was actually ordered by the Court. Therefore, the April 12 order is the only one that need be considered regarding the timeliness of defendant's objection. Since, as discussed above, defendant's one-day delay in objecting to the April 12 order is not fatal, the Court shall consider the merits of that objection.

Defendant argues that the April 12 order was erroneously granted pursuant to a

---

[2]Plaintiff argues that the Phase II award was ordered to be disclosed pursuant to two orders issued on January 29, 2004, one issued March 31, 2004, and a directive issued at the June 18, 2004 conference.

4

misinterpretation of Rule 26(a)(1)(D). That rule requires the disclosure of "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action". FED. R. CIV. P. 26(a)(1)(D). Defendant has provided plaintiff with a copy of the actual policy, and has advised plaintiff that $173 million remains available under the original $250 million policy. Since plaintiff seeks only $20 million in damages, defendant argues that the disclosures already made were sufficient to satisfy Rule 26(a)(1)(D).

The language and history of the rule support defendant's conclusion and confirm that the rule's purpose is to enable counsel for both sides to realistically appraise a case by determining whether an insurer will be able to satisfy an expected judgment or settlement agreement. *In re Anicom Inc. Securities Litigation*, 2002 WL 31496212 at *3 (N.D.Ill.), *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 161 (N.D.Iowa 1994), FED. R. CIV. P. 26(b)(2) advisory committee's note (regarding 1970 amendment).[3] Plaintiff provides no authority, and the Court is aware of none, which suggests that any other purpose lay behind the rule. Therefore, since the information already provided to plaintiff is sufficient to ensure that defendant's policy can satisfy any expected judgment or settlement, the Phase II award is not required to be disclosed under Rule 26(a)(1)(D).

Although the amount of the Phase II award is not a required disclosure under Rule 26(a), it still may be discoverable if the Court determines that its disclosure would be relevant or "reasonably calculated to lead to the discovery of admissible evidence". FED R. CIV. P. 26(b)(1). However, even assuming, *arguendo,* that information from the Highlands arbitration is relevant to the current proceeding, it does not necessarily follow that the amount of the Phase II award is discoverable. Defendant asserts that the Phase II award is subject to a confidentiality agreement entered into as

---

[3]Rule 26(b)(2) was the predecessor to current Rule 26(a)(1)(D).

part of the arbitration proceedings with Highlands (Def.'s Obj'n at 12). There are important policy interests involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (citing *United States v. Glens Falls Newspapers, Inc.* 160 F.3d 853, 857 (2d Cir. 1998)), *Hasbrouck v. America Housing Services*, 187 F.R.D. 453, 461 (N.D.N.Y. 1999). Federal policy, as evidenced by the enactment of the Alternative Dispute Resolution Act of 1998[4] and the Federal Arbitration Act[5], favors alternative dispute resolution ("ADR"), and particularly arbitration. *JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004) (citing *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir, 2001)), *Fields D'Arpino v. Restaurant Associates, Inc.*, 39 F.Supp. 2d 412, 417-418 (S.D.N.Y. 1999). Thus, protecting confidentiality agreements, such as the one between Highlands and defendant, promotes federal policy and encourages ADR by ensuring that parties in an arbitration proceeding get the protections for which they contracted.

While there is a strong public interest in preserving the confidentiality of arbitration proceedings, there is also a countervailing public and private interest in affording a litigant the opportunity to broadly discover information in support of its case. *Hasbrouck,* 187 F.R.D. at 459. "An overzealous quest for ADR can distort the proper role of the court" by suppressing admissible evidence in the name of confidentiality. *Kalinauskas v. Wong*, 151 F.R.D. 363, 367 (D.Nev. 1993) (citing Richard L. Marcus, *The Discovery Confidentiality Controversy*, 1991 U. Ill. L. Rev. 457, 502-504). In *Kalinauskas*, the plaintiff in a sexual harassment suit against her employer sought to discover the terms of a confidential settlement agreement stemming from an earlier sexual

---

[4] 28 U.S.C. § 651
[5] 9 U.S.C. §§ 1 et seq.

harassment case involving her employer and a former employee. The court allowed discovery on the factual information surrounding the prior action, but ruled that the specific terms of the settlement should not be disclosed absent a showing of a compelling need. *Kalinauskas* 151 F.R.D. at 367.

The Second Circuit has agreed that there is no presumption of access to the terms of such confidential settlement agreements absent extraordinary circumstances or a compelling need. *Gambale*, 377 F.3d at 144 n.8 (citing *Martindell v. Int'l Telephone & Telegraph Corp.*, 594 F.2d 291, 296-297 (2d Cir. 1979)). While the above cases dealt with settlement agreements, their reasoning is equally applicable to the arbitration setting. Both situations deal with a type of judicially encouraged ADR in which confidentiality was contracted for and expected. Thus, in order for plaintiff to be allowed to discover the amount of the Phase II award, it must be shown that the need for the information sought is compelling enough to outweigh the privacy interests that are involved. *Hasbrouck* 187 F.R.D. at 458.

Plaintiff asserts that the Phase II award is discoverable under Rule 26(b)(1) because it "may be relevant for determining issues of collateral estoppel." (Pl.'s Opp'n at 17). This is the only argument given as to why the specific monetary amount of the Phase II award, as opposed to the liability-determining Phase I award, is relevant. Plaintiff cited several cases which establish that arbitration decisions may be used to invoke the doctrines of collateral estoppel and res judicata. *Postlewaite v. McGraw Hill*, 333 F.3d 42 (2d Cir. 2003), *BBS Norwalk One v. Raccolta*, 117 F.3d 674 (2d Cir. 1997), *Dalow Industries v. Jordasche Enterprises*, 631 F.Supp774 (S.D.N.Y. 1985). However, none of these cases even discussed, much less decided, what relevance the specific monetary amount of an arbitration award could have towards a collateral estoppel argument. The

7

term "arbitration award", as used in those cases, referred to the overall decision of the arbitration panel, not specifically to the monetary amount of damages. *Postlewaite,* 333 F.3d at 45, *Raccolta*, 117 F.3d at 676, *Dalow,* 631 F. Supp. at 777.

Furthermore, plaintiff hopes to use the Phase II award to make an argument for non-mutual offensive collateral estoppel.[6] And while an arbitration decision's preclusive effect may be employed in this manner (although none of the cases cited by plaintiff reflects such a use), it is significant to note that such a use of collateral estoppel is markedly more difficult to invoke than other applications of the doctrine. *Bear Sterns & Co., v. Ontario, Inc.*, 2005 WL 1231616 at *3 (2d Cir.) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). Even conceding the relevance of the Highlands arbitration and the Phase I award, the relevance of the Phase II award is highly questionable and unlikely to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Therefore, considering the minimal relevance of the discovery sought, plaintiff has failed to show a need compelling enough to justify production of the Phase II award. *Hasbrouck* 187 F.R.D. at 461. Given the strong public interest in preserving the confidentiality of arbitration awards, and the slight relevance, if any, demonstrated by plaintiff, the Phase II award must be given the full amount of protection allowed under Rule 26(c). *Hasbrouck* 187 F.R.D. at 461.

Conclusion

For the foregoing reasons, defendant's motion to set aside or modify the Decision is granted and the Decision is overruled to the extent that it ordered production of the Phase II award.

---

[6] Where a plaintiff attempts to use a previous decision against a defendant, from an action in which plaintiff was not a party, in order to prevent defendant from denying liability in the current action.

SO ORDERED.

Dated: Brooklyn, New York
      June 28, 2005

                                            /s/
                                         Dora L. Irizarry
                               United States District Judge